Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL ERVIN,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | )  **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT,** |
| | ) **ROSENTHAL FAIR DEBT** |
| **NATIONAL ENTERPRISE** | ) **COLLECTION PRACTICES ACT,** |
| **SYSTEMS, INC.,** | ) **AND TELEPHONE CONSUMER** |
| | ) **PROTECTION ACT** |
| Defendant. | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices, and the Telephone Consumer Protection Act, 47 U.S.C. 227, et seq.

(hereinafter "TCPA"), which restricts the use of Automated Telephone Equipment for which the called party is charged for the call.

## II. JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3.      Plaintiff, Michael Ervin ("Plaintiff"), is a natural person residing in Sacramento county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.      At all relevant times herein, Defendant, National Enterprise Systems, Inc., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).   Further, Defendant regularly uses an "automatic telephone dialing system" as defined by TCPA, 47 U.S.C. 227(a)(1) to initiate the telephone calls it makes in attempt to collect a debt.

## IV.  FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. On February 8, 2011, Plaintiff received an automated voicemail from Defendant.  In that voicemail, Defendant states it is calling for Kelly Perkins, and if the recipient of the voicemail is not Kelly Perkins to hang up and call 1-800-261-3766 to remove the phone number.

7. After receiving the voicemail from Defendant, Plaintiff called the 800 number to have his phone number removed from Defendant's list.  Plaintiff called three times, and on all three occasions, he was placed on hold for twenty minutes until the call was disconnected.

8. On at least one occasion, Plaintiff spoke to an employee of Defendant, known to him only as "Bob."  Plaintiff told "Bob" that Defendant should stop calling him as he is not the party Defendant is trying to collect from.

9. Defendant left additional automated voicemails for Kelly Perkins on Plaintiff's answering system on February 11th, 13th, 14th, February 16th, February 17th, February 20th, and February 23rd, 2011.

10. Defendant called Plaintiff on consecutive Sundays, including, but not limited to, two voicemails on February 13th, 2011, and one voicemail on February 20th, 2011.

11. Defendant continued to call Plaintiff despite being aware that Kelly Perkins was not reachable at Plaintiff's phone number.

12. On March 7, 2011, Plaintiff sent a letter to Defendant in attempt to resolve the matter. On March 21, 2011, Plaintiff sent a follow up letter to Defendant. On May 9, 2011, Defendant denied Plaintiff's claims.

13. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff, including, but not limited to, leaving automated voicemails for another party on Plaintiff's phone repeatedly (Cal Civ Code §1788.11(d));

   b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances, including, but not limited to, leaving automated voicemails for another party on Plaintiff's phone repeatedly (Cal Civ Code §1788.11(e));

   c) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, including, but not limited to, leaving automated voicemails for another party on Plaintiff's phone repeatedly (§1692d(5));

    d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including, but not limited to, leaving automated voicemails for another party on Plaintiff's phone repeatedly and multiple calls on Sundays (§1692c(a)(1));

    e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including, but not limited to, repeatedly leaving automated voicemails for another party on Plaintiff's phone (§1692d));

    f) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including, but not limited to, repeatedly leaving automated voicemails for another party on Plaintiff's phone (§1692f));

    g) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt, including, but not limited to, repeatedly leaving automated voicemails for another party on Plaintiff's phone (§1692f(1)); and

    h) Collecting an amount from Plaintiff that is not permitted by law, including, but not limited to, repeatedly leaving automated voicemails for another party on Plaintiff's phone (§1692f(1)).

14.    Defendant's aforementioned violations of the FDCPA and RFDCPA also constitute a violation of the TCPA.  Plaintiff repeatedly attempted to have his phone number removed from Defendant's call list, and did not consent to additional calls.  Defendant continued to call Plaintiff's number for a party that

was not available at the phone number. Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

15. As a result of the above violations of the FDCPA, RFDCPA, and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

18. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

19. Further, *§1788.17* of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, *15 U.S.C. §1692d, and §1692d(5).*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;
    B.    Actual damages;
    C.    Statutory damages for willful and negligent violations;
    D.    Costs and reasonable attorney's fees,
    E.    For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff reincorporates by reference all of the preceding paragraphs.

21. To the extent that Defendant's actions, counted above, violated the TCPA, those actions were done knowingly and willfully.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the TCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 21st day of May, 2011.

By:   s/ Todd M Friedman
Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff